UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALAN L. MEIRHOFER, | CASE NO. C04-2252-JLR-MAT |
| Petitioner, | |
| v. | |
| HENRY RICHARDS, | REPORT AND RECOMMENDATION |
| Respondents. | |

INTRODUCTION AND SUMMARY CONCLUSION

Petitioner is currently under the jurisdiction of the Washington Department of Social and Health Services pursuant to an order of civil commitment entered in Whatcom County Superior Court in May 2000. He resides at the Special Commitment Center in Steilacoom, Washington. Petitioner has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 to challenge his order of commitment and the conditions of his current confinement. Respondent has filed an answer to the petition in which he opposes petitioner's requests for relief. Respondent has also submitted for the Court's review the portions of the state court record which he deems relevant to the instant proceedings. Petitioner has filed a reply brief in support of his petition. The briefing is now complete and this matter is ripe for review.

This Court, having reviewed petitioner's petition, respondent's answer, and the balance of the record, concludes that petitioner's federal habeas petition should be denied and this action

should be dismissed with prejudice.

## FACTUAL AND PROCEDURAL HISTORY

In 1987, petitioner was charged in a series of incidents involving attacks on children. (*See* Dkt. No. 10, Ex. 3 at 1.) Petitioner pleaded guilty to charges of first degree burglary and second degree assault with respect to one of these incidents, and to charges of first degree rape and second degree kidnapping with respect to another of the incidents. (*Id*.) Charges of first degree burglary and first degree rape arising out of two other attacks were dropped in exchange for petitioner's guilty plea. (*Id*.)

Petitioner's prison term for these offenses expired on June 7, 1996. (*Id*.) On that date, the State of Washington filed a petition under RCW 71.09 alleging that petitioner was a sexually violent predator.[1] (*Id*.) On May 22, 2000, a jury found petitioner to be a sexually violent predator and the trial court ordered petitioner committed to the custody of the Department of Social and Health Services "for control, care, and treatment." (Dkt. No. 10, Ex. 1.)

Petitioner appealed the commitment order to the Washington Court of Appeals, Division I. (Dkt. No. 10, Ex. 2.) On December 24, 2001, the Court of Appeals issued an unpublished opinion affirming the order of commitment. (*Id*., Ex. 3.) Petitioner thereafter filed a petition for review in the Washington Supreme Court. (*Id*., Ex. 4.) The petition for review was stayed for a period of time pending the Washington Supreme Court's decision in *In re Thorell*, 149 Wn.2d 724 (2003). (*See id*., Ex. 15 at 2.) The Supreme Court decided *Thorell* in July 2003, and, on September 30, 2003, the Supreme Court denied petitioner's petition for review. (*Id*., Ex. 5.) The Court of Appeals issued a mandate terminating direct review on November 5, 2003. (*Id*., Ex. 6.)

While petitioner's direct appeal of his order of commitment was pending in the Court of

---

[1] Washington's Sexually Violent Predator Statute, RCW 71.09, *et seq*., authorizes the civil commitment of "sexually violent predators." A "sexually violent predator" is defined as "any person who has been convicted of or charged with a crime of sexual violence and who suffers from a mental abnormality or personality disorder which makes the person likely to engage in predatory acts of sexual violence if not confined in a secure facility." RCW 71.09.020(16).

Appeals, petitioner filed a motion to vacate his order of commitment in the Whatcom County Superior Court and a personal restraint petition in the Washington Court of Appeals, Division I. (*See* Dkt. No. 10, Exs. 7 and 13.) Petitioner's motion to vacate his order of commitment was denied by the Superior Court on February 16, 2001. (*Id*., Ex. 8.) Petitioner thereafter appealed the Superior Court's order denying his motion to vacate to the Washington Court of Appeals, Division I. (*See* Dkt. No. 10, Ex. 9.) On July 29, 2002, a commissioner of the Court of Appeals issued a ruling granting the State's motion on the merits to affirm. (*Id*.) Petitioner's moved to modify the commissioner's ruling and that motion was denied on November 5, 2002. (*Id*., Ex. 10.) Petitioner thereafter sought review in the Supreme Court of Washington. *Id*., Ex. 11.) The Supreme Court denied the petition for review on July 8, 2003. (*Id*., Ex. 12.)

Petitioner's personal restraint petition, in which petitioner presented challenges to his commitment and to the conditions of his confinement, was stayed by the Court of Appeals pending consideration of petitioner's direct appeals of his commitment order and of the denial of his motion to vacate. (*Id*., Ex. 15 at 2.) The Court of Appeals lifted the stay after the Washington Supreme Court denied review of the Court of Appeals' decisions in petitioner's two pending appeals and, on June 15, 2004, the Court of Appeals issued an order dismissing petitioner's personal restraint petition. (*Id*., Ex. 15.) Petitioner sought review of the Court of Appeals' ruling in the Supreme Court and, on September 7, 2004, the Supreme Court Commissioner issued a ruling denying review. (*Id*., Ex. 16.) The Court of Appeals issued a certificate of finality in petitioner's personal restraint proceedings on December 3, 2004. (*Id*., Ex. 17.)

Petitioner now seeks federal habeas review of his order of civil commitment and the conditions of his current confinement.

### GROUNDS FOR RELIEF

Petitioner presents the following ten grounds for relief in his federal habeas petition:

/ / /

/ / /

Appeals, petitioner filed a motion to vacate his order of commitment in the Whatcom County Superior Court and a personal restraint petition in the Washington Court of Appeals, Division I. (*See* Dkt. No. 10, Exs. 7 and 13.) Petitioner's motion to vacate his order of commitment was denied by the Superior Court on February 16, 2001. (*Id*., Ex. 8.) Petitioner thereafter appealed the Superior Court's order denying his motion to vacate to the Washington Court of Appeals, Division I. (*See* Dkt. No. 10, Ex. 9.) On July 29, 2002, a commissioner of the Court of Appeals issued a ruling granting the State's motion on the merits to affirm. (*Id*.) Petitioner's moved to modify the commissioner's ruling and that motion was denied on November 5, 2002. (*Id*., Ex. 10.) Petitioner thereafter sought review in the Supreme Court of Washington. *Id*., Ex. 11.) The Supreme Court denied the petition for review on July 8, 2003. (*Id*., Ex. 12.)

Petitioner's personal restraint petition, in which petitioner presented challenges to his commitment and to the conditions of his confinement, was stayed by the Court of Appeals pending consideration of petitioner's direct appeals of his commitment order and of the denial of his motion to vacate. (*Id*., Ex. 15 at 2.) The Court of Appeals lifted the stay after the Washington Supreme Court denied review of the Court of Appeals' decisions in petitioner's two pending appeals and, on June 15, 2004, the Court of Appeals issued an order dismissing petitioner's personal restraint petition. (*Id*., Ex. 15.) Petitioner sought review of the Court of Appeals' ruling in the Supreme Court and, on September 7, 2004, the Supreme Court Commissioner issued a ruling denying review. (*Id*., Ex. 16.) The Court of Appeals issued a certificate of finality in petitioner's personal restraint proceedings on December 3, 2004. (*Id*., Ex. 17.)

Petitioner now seeks federal habeas review of his order of civil commitment and the conditions of his current confinement.

### GROUNDS FOR RELIEF

Petitioner presents the following ten grounds for relief in his federal habeas petition:

/ / /

/ / /

### *First Ground:*

Confinement of Petitioner within a penal oriented prison environment imposes upon him punishment forbidden by the Fourteenth Amendment and subjects him to penal oriented restrictions and restraints, and subjects him to inhumane and degrading treatment because it deprives him of the right to a treatment oriented environment, all of which deprive him of his statutory right to individualized treatment in violation of the Federal and State Due Process and Equal Protection Clauses.

### *Second Ground*

The Length of Petitioner's confinement without access to constitutionally adequate mental health treatment constitutes unconstitutionally prolonged arbitrary confinement for past wrongs and warrants his immediate release as duration, without access to constitutionally adequate mental health treatment which will lead to Petitioner's return to normal living and mental condition as rapidly as possible with an avoidance of loss of civil rights, such as liberty, has been incompatible with the purpose of the statute and in violation of the Fourteenth Amendment Due Process Clause, the Equal Protection Clause and prohibitions of Ex Post Facto laws and Bills of Attainder of the State and Federal Constitutions.

### *Third Ground*:

Punitive conditions of confinement and a lack of constitutionally adequate mental health treatment, coupled with the fact that 3 ESSB 6151 (see Part III of Appendix B to petitioner's *Reply to Respondent's Answer to Personal Restraint Petition*) has now criminalized Petitioner's mental abnormality, demonstrate that confinement and duration is incompatible with the purpose of the Federal and State due process clause as well as the actual statute itself and, therefore, in violation of due process and because the statute does not comport with due process standards the statute, over time, has negated the civil label and proof that the statute has not been civil in nature renders the statute "punitive" in violation of the double jeopardy and ex post facto clauses.

### *Fourth Ground:*

While Part III of 3 ESSB 6151 has now criminalized Petitioner's "mental abnormality" and/or Personality disorder, both 3 ESSB 6151 and ESSB 5122 signed by the Governor on April 16, 2001 have created unlawful restraints upon Petitioner's chance of gaining release from the SCC in violation of federal and state due process and equal protections clauses.

### *Fifth Ground:*

The State failed to allege, or to prove beyond a reasonable doubt, that Petitioner suffers from a volitional impairment, or equivalent impairment, which rendered him so dangerous beyond his own control as to justify civil commitment as a sexually violent predator.

ORDER FOR SERVICE AND
ANSWER, §2254 PETITION
PAGE -4

### *Sixth Ground:*

The trial court violated Plaintiff's due process and equal protection rights by allowing the use of actuarial instruments to predict future dangerousness.

### *Seventh Ground:*

The label "sexually violent predator" is a stigma warranting due process protections and has a punitive effect so as to deprive Petitioner of a realistic opportunity of gaining release from confinement upon completion of treatment in violation of ex post facto and double jeopardy. More specifically, communities in Washington, if anything, became more fearful of releasing persons similarly situated as Petitioner to community transition once they were labeled with–or branded with the label of dangerous "sexually violent predator."

### *Eighth Ground:*

Special Commitment Center Policy #235, attached hereto, is void for vagueness and/or overly broad and illegally and punitively restrains Petitioner to adhere to all policies and demands of the Department of Corrections in violation of the due process clause of the State and/or United States Constitution and other applicable state and federal constitutional and statutory provisions.

### *Ninth Ground:*

Special Commitment Center practices and procedures regarding mail are overly broad, vague, arbitrary and redundant and illegally endorses specific businesses and places undue financial burdens on Petitioner in violation of the due process clause of the State and/or United States Constitution and other applicable state and federal constitutional and statutory provisions.

### *Tenth Ground:*

The SCC has begun a pattern and practice of violating its own policies and procedures and there is absolutely no impartial review mechanism for the resolution of either grievances or appeals in violation of due process and equal protection.

(Dkt. No. 4, Attachment #3.)

### DISCUSSION

Respondent concedes in his answer to petitioner's petition that petitioner has exhausted each of his claims for federal habeas relief. As it appears to this Court that petitioner's claims may be resolved by resort to the record now before it, the Court declines to conduct an evidentiary hearing in this federal habeas action. The Court will now proceed to disposition of petitioner's individual grounds for relief.

## Standard of Review

Under the Anti-Terrorism and Effective Death Penalty Act, a habeas corpus petition may be granted with respect to any claim adjudicated on the merits in state court only if the state court's decision was *contrary to*, or involved an *unreasonable application* of, clearly established federal law, as determined by the Supreme Court, or if the decision was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d) (emphasis added).

Under the "contrary to" clause, a federal habeas court may grant the writ only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362 (2000). Under the "unreasonable application" clause, a federal habeas court may grant the writ only if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Id*. The Supreme Court has made clear that a state court's decision may be overturned only if the application is "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 69 (2003).

## Grounds One, Two, Three, Four, and Seven: Constitutionality of RCW 71.09

Petitioner appears to allege in his first, second, third, fourth, and seventh grounds for relief that his confinement pursuant to RCW 71.09 is punitive in nature and that this punitive effect renders his current confinement unconstitutional. Respondent characterizes these five claims as presenting an "as applied" challenge to the constitutionality of RCW 71.09 and argues that the United States Supreme Court rejected such challenges to the Washington Sexually Violent Predator Statute in *Seling v. Young*, 531 U.S. 250 (2001).

Petitioner, in his reply memorandum, objects to the characterization of his claims as presenting an "as applied" challenge to the constitutionality of RCW 71.09 and asserts that his due process arguments are distinguishable from the arguments rejected by the United States Supreme

Court in *Seling*. Petitioner appears to indicate in his reply memorandum that the claim he has been attempting to obtain review of is a claim that the conditions of his confinement render the nature and duration of his confinement incompatible with the purpose of the statute in violation of due process.

Petitioner's protestations to the contrary, it appears that the state courts reasonably construed petitioner's claims and addressed them in their entirety. The Court of Appeals Commissioner, on direct review of the trial court's order denying petitioner's motion to vacate his commitment order, addressed petitioner's claims as follows[2]:

> Meirhofer contends that this case must be remanded to the trial court for a hearing on whether the conditions at the SCC render his confinement unconstitutional. He contends that the recent decision in Seling v. Young, 531 U.S. 250, 121 S. Ct. 727, 148 L. Ed. 2d 734 (2001), is not dispositive because Washington courts have never looked at the actual conditions of confinement in determining that RCW 71.09 is a civil statute and Seling did not foreclose an "as applied" challenge on due process and equal protection grounds.
>
> Meirhofer's contentions fail. In In re Personal Restraint of Young, 122 Wn.2d 1, 857 P.2d 989 (1993), Young and another individual appealed their commitments as sexually violent predators under RCW 71.09, arguing that the statute violated their double jeopardy, ex post facto, due process, and equal protection rights. The court concluded that the statute is civil in nature, not criminal, and upheld it in most respects. To the extent the statute violated due process and equal protection, the decision is reflected in statutory amendments. Similarly, in Kansas v. Hendricks, 521 U.S. 356, 117 S. Ct. 2072, 138 L. Ed. 2d 501 (1997) the United States Supreme Court rejected a facial challenge to a similar commitment scheme and held it was civil in nature.
>
> The Washington Supreme Court has twice rejected "as applied" challenges to RCW 71.09 based on the conditions of confinement at the SCC. In In re Detention of Campbell, 139 Wn.2d 341, 986 P.2d 771 (1999); In re Detention of Turay, 139 Wn.2d 379, 986 P.2d 790 (1999). In both cases, the court held that the remedy for unconstitutional conditions of confinement at the SCC is injunctive relief. Campbell, 139 Wn.2d at 350; Turay, 139 Wn.2d at 420. In both cases the court also held that even assuming the individuals could challenge the validity of their commitment orders

---

[2] The claims presented by petitioner in his direct appeal of the trial court's order denying petitioner's motion to vacate his civil commitment order are essentially the same as petitioner's first three grounds for federal habeas relief. The same three claims were presented to the Court of Appeals in petitioner's personal restraint petition. Petitioner's fourth and seventh grounds for federal habeas relief were presented to the Court of Appeals in a supplement to his personal restraint petition.

ORDER FOR SERVICE AND
ANSWER, §2254 PETITION
PAGE -7

based on the conditions of confinement at the SCC, they had failed to prove that the conditions were so punitive as to render RCW 71.09 criminal in nature and unconstitutional as applied to them. Campbell, 139 Wn.2d at 350; Turay, 139 Wn.2d at 422. Meirhofer has not argued that the conditions at the SCC are worse than when In re Campbell and In re Turay were decided. Indeed, the federal district court has found that conditions are improving.

In Seling v. Young, 531 U.S. 250, while acknowledging that committed sexual predator Young's claims regarding the conditions of confinement and lack of treatment at the SCC raised serious concerns, the United States Supreme Court held that Young could not obtain release through an "as applied" challenge to RCW 71.09 on double jeopardy or ex post facto grounds. 531 U.S. at 263. The court reasoned that the civil nature of confinement cannot be altered based on the vagaries in the implementation of the authorizing statute. 531 U.S. at 263. The court in Seling also reasoned that "[p]ermitting respondent's as-applied challenge would invite an end run around the Washington Supreme Court's decision that [RCW 71.09] is civil in circumstances where a direct attack on that decision [was] not before the court." 531 U.S. at 263-63 (sic). The court recognized that individuals committed as sexually violent predators are not without a remedy, noting that they may have a state law cause of action and also noting the injunctive action in Turay v. Seling.

The court further noted,

This case gives us no occasion to consider how the civil nature of a confinement scheme relates to other constitutional challenges, such as due process, or to consider the extent to which a court may look to actual conditions of confinement and implementation of the statute to determine in the first instance whether a confinement scheme is civil in nature.

531 U.S. at 266.

It remains to be seen what the court meant by the "in the first instance" language. But contrary to Meirhofer's argument, this language does not make an "as applied" due process challenge available to him. The Washington Supreme Court already has determined that RCW 71.09 is civil in nature and rejected a facial due process challenge to the statute. In re Personal Restraint of Young, 122 Wn.2d at 18-25. And In re Detention of Campbell and In re Detention of Turay rejected an as applied challenge to the constitutionality of RCW 71.09 based on the conditions at the SCC. Reading these cases together, the trial court did not err in denying Meirhofer's motion to vacate his commitment order brought on the same grounds.

(Dkt. No. 10, Ex. 9.)

The Court of Appeals, on review of similar claims presented in petitioner's personal restraint petition, construed the claims as presenting both facial and as applied challenges to the constitutionality of RCW 71.09. The Court of Appeals rejected petitioner's facial challenge, explaining its conclusion as follows:

> In his initial petition, Meirhofer argued that his commitment was invalid because chapter 71.09 RCW is punitive and therefore on its face violates the constitutional prohibitions against double jeopardy, ex post facto laws, and bills of attainder. These arguments all depend on his characterization of the SVP process as punitive in nature that has been rejected by In re Personal Restraint of Young, In re Turay, and In re Campbell.

(Dkt. No. 10, Ex. 15 at 3 (footnotes omitted).)

The Court of Appeals also rejected petitioner's as applied challenge on the grounds that such a claim had already been rejected by the Court of Appeals on petitioner's direct appeal of the order denying his motion to vacate his commitment order and petitioner had made no showing that the ends of justice would be served by revisiting the claim. (*Id.*, Ex. 15 at 3-4.)

Upon consideration of petitioner's motion for discretionary review of the Court of Appeals' order dismissing his personal restraint petition, the Supreme Court Commissioner concluded as follows:

> Mr. Meirhofer . . . argues that, despite all of the decisions that have upheld the constitutionality of Washington's civil commitment statute, he may still show that the particular conditions of confinement at the Special Commitment Center render the statute in violation of due process. But this court rejected this argument in *In re Campbell*, 139 Wn.2d 341, 348, 986 P.2d 771 (1999), making clear that any constitutional flaw in the administration of the statute does not render the statute itself unconstitutional.

(Dkt. No. 10, Ex. 16 at 2.)

Petitioner argues that the decisions of the state courts were contrary to clearly established federal law and were also based upon an unreasonable determination of the facts because the state courts erroneously relied upon respondent's mis-characterization of his claims as presenting an "as applied" challenge. However, the state courts did not, as petitioner suggests, restrict their analysis to the "as applied" challenges addressed by the United States Supreme Court in *Seling v. Young, supra*. The state courts acknowledged that petitioner was attempting to raise a due process challenge to the statute based upon the conditions of his confinement, but ruled that such challenges were foreclosed by prior United States Supreme Court and Washington Supreme Court precedent.

ORDER FOR SERVICE AND
ANSWER, §2254 PETITION
PAGE -9

01   While petitioner attempts to distinguish his claims from those previously addressed by the
02 state courts and by the United States Supreme Court, claims that the conditions of confinement
03 at the Special Commitment Center render the statute punitive in nature – and therefore
04 unconstitutional – have been repeatedly rejected. Petitioner makes no showing that the decisions
05 of the state courts were contrary to federal law or that they were based upon an unreasonable
06 determination of the facts. Accordingly, petitioner's federal habeas petition should be denied with
07 respect to his first, second, third, fourth, and seventh grounds for relief.

08   <u>Ground Five: Lack of Volitional Control</u>

09   Petitioner asserts in his fifth ground for federal habeas relief that the State failed to allege,
10 or to prove beyond a reasonable doubt, that he suffers from a volitional impairment sufficient to
11 justify his civil commitment. The question presented by this issue appears to be whether the state
12 was made to prove all of the elements necessary for petitioner's commitment as a sexually violent
13 predator to satisfy due process requirements.

14   Petitioner first presented this claim to the state courts in a supplement to his personal
15 restraint petition. The state courts construed this claim as one asserting that "lack of control" is
16 a separate element of the civil commitment process under RCW 71.09. The Court of Appeals, in
17 its order denying petitioner's personal restraint petition, addressed this claim only briefly. The
18 Court of Appeals noted that "the <u>Thorell</u> opinion unequivocally holds that lack of control is not
19 a separate element of an SVP commitment." (Dkt. No. 10, Ex. 15 at 4.) The Supreme Court
20 Commissioner, in his ruling denying petitioner's motion for discretionary review of the Court of
21 Appeals' dismissal of his personal restraint petition, discussed the issue at greater length:

22   Mr. Meirhofer next argues that the commitment order itself violates due
   process because the State failed to prove he had an "irresistible impulse" to commit
23   acts of sexual violence. But this court held in *Thorell* that the jury need not separately
   find that the person alleged to be a sexually violent predator seriously lacks control
24   over his behavior, as long as the jury finds (and sufficient evidence shows) that the
   person suffers from a mental illness that makes him likely to engage in predatory acts
25   of sexual violence. *Thorell*, 149 Wn.2d at 742.

26   Mr. Meirhofer argues, however, that this court based its decision only on the

federal due process clause, as construed by the Supreme Court in *Kansas v. Crane*, 534 U.S. 407, 122 S. Ct. 867, 151 L. Ed. 2d 856 (2002). Citing the criteria set out in *State v. Gunwall*, 106 Wn.2d 54, 720 P.2d 808 (1986), Mr. Meirhofer contends that Washington's due process clause provides greater protection. But Washington's due process clause generally does not provide broader protection than its federal counterpart. *See In re Dyer*, 143 Wn.2d 384, 394, 20 P.3d 907 (2001). Moreover, Mr. Meirhofer did not argue the *Gunwall* criteria in the Court of Appeals. He therefore may not raise the issue now. *In re Lord*, No. 73853-0, slip op. at 5 n.5 (Wash. July 29, 2004). And ultimately, Mr. Meirhofer does not convincingly show that the Washington due process clause demands proof of an "irresistible impulse."

(Dkt. No. 10, Ex. 16 at 2-3.)

Petitioner argues in his reply memorandum that the decisions of the state courts were contrary to clearly established federal law as determined by the United State Supreme Court. Petitioner faults the state courts for failing to mention the United States Supreme Court's decision in *Kansas v. Crane*, 534 U.S. 407 (2002). Petitioner appears to read *Crane* as having reversed a jury instruction which was indistinguishable from the one given in his civil commitment trial. Petitioner also faults the state courts for relying on *Thorell* to decide his personal restraint petition. Petitioner argues that *Thorell* is distinguishable from his case because the petitioners in *Thorell* presented exclusively federal due process claims whereas petitioner's personal restraint petition presented both federal and state due process claims. Petitioner contends that he is entitled to more protection under the state due process clause.

Petitioner's argument with respect to *Crane* suggests that he has misconstrued the decision of the United States Supreme Court in that case. Petitioner correctly notes that the "to commit" jury instruction given in *Crane* was substantially the same as the instruction given in petitioner's civil commitment trial[3]. *See Thorell*, 149 Wn.2d at 733 n. 3. However, the United States

---

[3] The instruction given to the jury in petitioner's civil commitment trial read in relevant part as follows:

> To find that respondent, Alan L. Meirhofer, is a sexually violent predator, the State must prove each of the following elements beyond a reasonable doubt:
>
> (1)   That the Respondent has been convicted of a crime of sexual

ORDER FOR SERVICE AND
ANSWER, §2254 PETITION
PAGE -11

Supreme Court did not, as petitioner suggests, reverse that instruction.

At issue in *Crane* was whether the trial court erred in failing to instruct the jury that it must find that Crane's diagnosed disorders so impaired his volitional control that he was unable to control his dangerous behavior. *In re Crane*, 269 Kan. 578, 586. The Kansas Supreme Court held that commitment under the Kansas Sexually Violent Predator Act was unconstitutional absent a finding that the defendant could not control his dangerous behavior and that the failure to so instruct the jury was error. *Id*. The United States Supreme Court, in reversing the decision of the Kansas Supreme Court, held that the Kansas Act did not require the state to prove an offender's total or complete lack of control over his dangerous behavior, but that the federal constitution did not permit civil commitment under the Act without any lack of control determination. *Crane*, 534 U.S. at 411-12.

Nothing in the *Crane* decision can be read as invalidating the "to commit" jury instruction given in petitioner's civil commitment proceedings. In fact, in *Thorell*, the Washington Supreme Court, after carefully examining the United States Supreme Court's decisions in *Crane* and in *Kansas v. Hendricks*, 521 U.S. 346 (1997), upheld the constitutionality of a similar "to commit" instruction.

In *Thorell*, the court held that proof that a person facing commitment under RCW 71.09 lacks behavioral control is not a new element of the SVP commitment and a jury does not need

---

violence;

(2) That the Respondent suffers from a mental abnormality and/or a personality disorder;

(3) That this mental abnormality and/or personality disorder makes the Respondent likely to engage in predatory acts of sexual violence if not confined to a secure facility.

(Dkt. No. 10, Ex. 18.)

ORDER FOR SERVICE AND
ANSWER, §2254 PETITION
PAGE -12

01 to make a separate finding regarding "lack of control." *Id*. at 742.  However, the court went on
02 to state that "the jury's finding that an SVP suffers from a mental illness, defined under our statute
03 as a 'mental abnormality' or 'personality disorder,' coupled with the person's history of sexually
04 predatory acts, must support the conclusion that the person has a serious difficulty controlling
05 behavior." *Id*.  The court concluded that the standard "to commit" instruction required the jury
06 to make the necessary findings. *Id*. at 743.

07        The Ninth Circuit reached a similar conclusion in *Brock v. Seling*, 390 F.3d 1088 (9th Cir.
08 2004), when presented with a challenge to jury instructions given in a Washington sexually violent
09 predator commitment trial.  In *Brock*, the petitioner argued that the jury instructions given at his
10 civil commitment trial did not satisfy the due process requirements set forth in *Crane*.  The Ninth
11 Circuit disagreed, concluding that "the jury's finding that Brock suffers from 'some combination
12 of mental abnormality and personality disorder, which in conjunction make him likely to engage
13 in predatory acts of sexual violence' meets the standard set forth in *Crane*." *Brock*, 390 F.3d at
14 1090.

15        Based upon the foregoing, this Court concludes that the "to commit" instruction given in
16 petitioner's civil commitment trial met federal constitutional standards.  It thus follows that the
17 state was put to its required burden of proof with respect to all elements necessary to commit
18 petitioner under the Washington Sexually Violent Predator Act.  Accordingly, any federal due
19 process claim which petitioner may intend to raise with respect to his fifth ground for relief must
20 fail.

21        The Court now turns to petitioner's contention that the state courts improperly relied upon
22 *Thorell* when petitioner presented his claims to the state courts on both state and federal
23 constitutional grounds. Petitioner asserts that he is entitled to more protection under the state due
24 process clause than under the federal due process clause.  It is true that the Washington Supreme

25
26

ORDER FOR SERVICE AND
ANSWER, §2254 PETITION
PAGE -13

01 Court declined to consider petitioner's arguments regarding the *Gunwall*[4] criteria because the
02 arguments had not been properly presented to the Court of Appeals. The Supreme Court did note,
03 however, that Washington's due process clause generally does not provide broader protection than
04 the federal due process clause.

05 Petitioner presents nothing in these proceedings by way of evidence or arguments to
06 persuade this Court that the decisions of the state courts were contrary to federal law as
07 determined by the United States Supreme Court. United States Supreme Court precedent requires
08 that there be some "proof of serious difficulty in controlling behavior." *Crane*, 534 U.S. at 413.
09 The state courts, in reliance upon their own interpretation of *Crane*, concluded that the requisite
10 standard had been met in petitioner's case. Accordingly, petitioner's federal habeas petition
11 should be denied with respect to his fifth ground for federal habeas relief.

Ground Six: Use of Actuarial Instruments

13 Petitioner asserts in his sixth ground for federal habeas relief that the trial court violated
14 his due process and equal protection rights by allowing the use of actuarial instruments to predict
15 future dangerousness.

16 Federal habeas relief does not lie for errors of state law. *Lewis v. Jeffers*, 497 U.S. 764,
17 780 (1990)(citing *Pulley v. Harris*, 465 U.S. 37, 41 (1984)). It is not the province of federal
18 habeas courts to re-examine state court conclusions regarding matters of state law. *Estelle v.
19 McGuire*, 502 U.S. 62 (1991); *Jeffries v. Blodgett*, 5 F.3d 1180, 1192 (9th Cir. 1993), *cert.
20 denied*, 510 U.S. 1191 (1994). Claims that evidence was improperly admitted in a state court trial
21 are cognizable in habeas corpus proceedings "only when admission of the evidence violated the
22 defendant's due process rights by rendering the proceedings fundamentally unfair." *Hamilton v.
23 Vasquez*, 17 F.3d 1149 (9th Cir. 1994) (citing *Jammal v. Van de Kamp*, 926 F.2d 918, 919 (9th

---

[4] In *State v. Gunwall*, 106 Wn.2d 54 (1986), the Washington Supreme Court set forth the criteria relevant in determining whether the Washington State Constitution should be considered as extending broader rights to its citizens than the United States Constitution.

ORDER FOR SERVICE AND
ANSWER, §2254 PETITION
PAGE -14

01 Cir. 1991)). When considering whether erroneously admitted evidence rendered a trial
02 fundamentally unfair, the federal habeas court must determine whether the error "'had substantial
03 and injurious effect or influence in determining the jury's verdict.'" *Brecht v. Abrahamson*, 113
04 S. Ct. 1710, 1722 (1993) (quoting *Koteakos v. United States*, 328 U.S. 750, 776 (1946)).

05 The issue regarding the admissibility of actuarial instruments was presented by petitioner
06 to the Washington Court of Appeals in a supplement to his personal restraint petition. The Court
07 of Appeals briefly acknowledged the claim and appeared to dispose of it under *Thorell*. (Dkt. No.
08 10, Ex. 15 at 4.) In *Thorell*, the Washington Supreme Court upheld the admission of actuarial
09 instruments to aid in the prediction of future dangerousness in commitment proceedings for
10 sexually violent predators. *Thorell*, 149 Wn.2d at 758. Petitioner provides no argument and cites
11 no authority to suggest that this evidence, which was deemed admissible by the state courts,
12 rendered his proceedings fundamentally unfair. Accordingly, petitioner's federal habeas petition
13 should be denied with respect to his sixth ground for relief.

14 <u>Grounds Eight, Nine, and Ten:  Conditions of Confinement</u>

15 Petitioner asserts in his eighth, ninth, and tenth grounds for federal habeas relief that
16 various conditions of his confinement at the Special Commitment Center violate the state and
17 federal constitutions and state statutory provisions. Specifically, petitioner alleges that the SCC
18 Treatment and Safety Policy 235 is unconstitutional (ground eight), that the SCC mail policy is
19 unconstitutional (ground nine), and that the SCC has begun a pattern of violating its own policies
20 and procedures and provides inadequate review of grievances and appeals (ground ten). These
21 same three claims were presented to the state courts in a supplement to his personal restraint
22 petition. In that supplement, petitioner identified these claims as "Grounds for Relief From
23 Administrative Restraint." (Dkt. No. 10, Ex. 14, Supplemental Attachment #3.)

24 Respondent argues that these three claims are not cognizable under § 2254 because none
25 of petitioner's allegations, even if proven true, would entitle him to release from confinement or
26 would "accelerate his discharge from civil commitment under Wash. Rev. Code ch. 71.09." (Dkt.

ORDER FOR SERVICE AND
ANSWER, §2254 PETITION
PAGE -15

No. 10 at 19.) Petitioner asserts in his reply memorandum filed in support of his federal habeas petition that, as to these claims, he is only seeking to have illegal and/or unconstitutional polices held void, he is not seeking release from custody.

The Court of Appeals rejected the above claims in petitioner's personal restraint petition, concluding that petitioner had failed to demonstrate that any of the policies that had been applied to him personally amounted to unlawful restraint. *See* (Dkt. No. 10, Ex. 15 at 4-9.) The commissioner of the Supreme Court agreed that petitioner had made no showing that he was under restraint in relation to the challenged rules. (Dkt. No. 10, Ex. 16 at 3.)

Section 2254(a) provides that a federal court may entertain a habeas petition "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." In *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973), the Supreme Court explained that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody."

Petitioner's eighth, ninth, and tenth grounds for relief do not challenge his order of commitment and, as noted above, petitioner makes clear in his reply memorandum that he is not seeking release from custody on the basis of these claims. While petitioner asserts that the challenged polices subject him to illegal or unconstitutional "internal restraint," such a challenge cannot reasonably be construed as an attack on the legality of petitioner's physical confinement. Moreover, it appears from the record before this Court that the state courts reasonably concluded that petitioner had not shown that he was subject to any restraint in relation to the challenged rules. Accordingly, petitioner's federal habeas petition should be denied with respect to his eighth, ninth, and tenth grounds for relief.

/ / /

/ / /

/ / /

## CONCLUSION

Based upon the foregoing, this Court recommends that petitioner's federal habeas petition be denied and that this action be dismissed with prejudice. A proposed order accompanies this Report and Recommendation.

DATED this  3rd  day of June, 2005.

*[signature]*

Mary Alice Theiler
United States Magistrate Judge